## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\*\*\*

WILLOW THAMES,

                          Plaintiff,

vs.

NEVADA HAND CORPORATION, et al.,

                          Defendants.

Case No. 2:22-cv-01442-JAD-VCF

**Report and Recommendation to Remand**

**And**

**Order**

APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (ECF NO. 1); COMPLAINT (ECF NO. 1-1); MOTION FOR AN EXPEDITED HEARING (ECF NO. 3)

Pro se litigant Willow Thames filed an application to proceed in forma pauperis (IFP), a proposed complaint, and a motion for an expedited hearing. ECF Nos. 1, 1-1, and 3. Plaintiff's proposed complaint is a landlord tenant case that does not belong in federal court. I believe plaintiff intended to file this case in state court, but filed it in the wrong court, because all of plaintiff's filings are on state court forms. *Id.* I recommend that this case be dismissed so that plaintiff can file his lawsuit in the correct court. I deny the application to proceed in forma pauperis and the motion for an expedited hearing as moot. ECF Nos. 1 and 3.

### DISCUSSION

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; e.g., *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). A court may have subject matter jurisdiction either because it has diversity jurisdiction, pursuant to 28 U.S.C. §

1332, or federal question jurisdiction, pursuant to 28 U.S.C. § 1331. "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff alleges that his landlord, the Nevada Hand Corporation (and its president and CEO), are attempting to remove him from his apartment so that they can remodel it. ECF No. 1-1. There are no federal claims so federal question jurisdiction does not exist. Complete diversity also does not exist since Thames lives in Las Vegas and the Nevada Hand Corporation parties are also in Nevada. Ordinarily I would give a pro se plaintiff a chance to file an amended complaint in this court to show why this court might have jurisdiction. Even under the liberal pleading standard, however, Thames has not established a basis to bring his landlord tenant case in federal court. Based on the alleged urgency of plaintiff's position (that he must soon leave his apartment), and the fact that this court does not have jurisdiction over these claims, I recommend sua sponte that this case be dismissed without prejudice so that plaintiff can promptly file his case in state court. FRCP 12(h)(3). Plaintiff will not be prejudiced because he can file an objection to this report and recommendation, if he wants to, explaining why this case should remain in this court. I deny plaintiffs' IFP application and motion for an expedited hearing as moot.

ACCORDINGLY,

I RECOMMEND that that this case be dismissed without prejudice.

I ORDER that Thames's application to proceed in forma pauperis (ECF No. 1) and motion to expedite hearing (ECF No. 3) both be DENIED AS MOOT.

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk

of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

IT IS SO RECOMMENDED and ORDERED.

DATED this 19th day of September 2022.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE